# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 19-281 (SRN/BRT) |
| Plaintiff, | |
| v. | |
| Jose Martin Morales (2), *also known as* Gordo, | **CORRECTED ORDER** |
| Defendant. | |

Andrew R. Winter, Esq., and Bradley M. Endicott, Esq., United States Attorney's Office, counsel for Plaintiff.

Robert A. Lengeling, Esq., counsel for Defendant Morales.

This action came on for hearing before the Court on December 20, 2019, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. Defendant Jose Martin Morales presented various pretrial motions, and the Government presented a motion for discovery. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the

Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (**Doc. No. 15**) is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

2. **Defendant's Motion for Discovery.** Defendant requests an order requiring the Government to produce or permit various items of discovery, inspection, and copying pursuant to Fed. R. Crim. P. 16 and any other statutory or constitutional rules. The Government represents that it has made all disclosures required under Rule 16, and it does not object to Defendant's various requests to the extent such disclosures are required by the Rules. Defendant's Motion for Discovery (**Doc. No. 17**) is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and

identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

3.      **Defendant's Motion for Disclosure of Informants Prior to Trial.**
Defendant moves for the disclosure of the identities of any confidential informants, along with criminal history information and other relevant information concerning each informant. The Government responds that this case does not involve cooperating individuals who were percipient witnesses to matters relevant to the charges in the Indictment, but were instead mere tipsters. The Government represents that it does not intend to call an informant to prove its case, and it asserts its privilege to withhold the identities of those individuals. *See United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001) (discussing the Government's privilege to withhold identities and noting the "Constitution does not require that prosecutors disclose the identity of confidential informants in every case"). Based on the Government's representations, Defendant's Motion for Disclosure of Confidential Informants **(Doc. No. 18)** is **DENIED**.

4.      **Defendant's Motion for Disclosure of Expert Witnesses.** Defendant seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial. The Government represents that it is fully aware of its obligations under the Fed. R. Crim. P. 16(a)(1)(G) and that it will provide Defendant with reasonable notice prior to trial. Defendant's Motion for Disclosure of Expert Witness Testimony **(Doc. No. 19)** is **GRANTED** to the extent that it conforms to the scope of Rule 16. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal

3

experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

      5.     **Defendant's Motion for Disclosure of 404(b) Evidence.** Defendant moves for disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial. Defendant's Motion for Disclosure of 404 Evidence (**Doc. No. 20**) is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial.

      6.     **Defendant's Motion for Disclosure of Jencks Act Information.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting disclosure of Jencks Act material "as early as the Court deems appropriate." The Government objects to this motion on the grounds that this Circuit has repeatedly held that the government may not be required to make pretrial disclosure of Jencks material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Disclosure of Jencks Act Information (**Doc. No. 21**) is **DENIED**. Nothing in this Order, however, precludes the Government from voluntarily

disclosing Jenks Act material five business days prior to trial as it has represented it would.

7. **Defendant's Motion for Disclosure of *Giglio* Information.** Defendant moves, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), for an order compelling the Government to disclose information regarding any and all promises made by the Government to its prosecution witnesses in exchange for testimony or assistance in the instant case. The Government states that it will comply fully with its obligations under the Federal Rules of Criminal Procedure and applicable case law. Defendant's Motion for Disclosure of *Giglio* Material **(Doc. No. 22)** is **GRANTED**. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

8. **Defendant's Motion to Dismiss Indictment.** Defendant moves to dismiss the Indictment on the grounds that there was prosecutorial delay and because the timeframe of the Indictment is overly broad. The parties agree to address this motion in post-hearing briefing. Defendant shall file his post-hearing brief on no later than **January 10, 2020**, and the Government shall file its response by **January 24, 2020**. The Court will take Defendant's Motion to Dismiss Indictment **(Doc. No. 23)** under advisement on **January 24, 2020**, and will issue a **Report and Recommendation** to the District Court.

9. **Defendant's Motion for Bill of Particulars.** Defendant moves for a bill of particulars requesting that the Government "explain what other persons are included in the conspiracy charge, what agreement or conspiratorial action was undertaken by Morales that continued to 2019, and how different incidents from 2017 and 2018 are tied to the allegations of September, 2019." (Doc. No. 24.) The Government opposes Defendant's request for a bill of particulars, asserting that the Indictment fully complies with Fed. R. Crim. P. 7(c)(1) in that it contains a "plain, concise, and definite written statement of the essential facts constituting the offense[s] charged." (Doc. No. 25 at 7.) The Government also asserts that Defendant "has been provided with discovery including search warrants, surveillance information, lab results, and a criminal complaint affidavit which summarizes the evidence against him as to the undercover buys from him in August and September of 2019." (*Id.*) The parties agree to address this motion in post-hearing briefing. Defendant shall file his post-hearing brief on no later than **January 10, 2020**, and the Government shall file its response by **January 24, 2020**. The Court will take Defendant's Motion for Bill or Particulars **(Doc. No. 24)** under advisement on **January 24, 2020**, and will issue a **Report and Recommendation** to the District Court.

10. The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Susan Richard Nelson.

Date: December 27, 2019

    *s/ Becky R. Thorson*
    BECKY R. THORSON
    United States Magistrate Judge