# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 19-281 (SRN/BRT) |
| Plaintiff, | |
| v. | |
| Jose Martin Morales (1), *also known as* Gordo, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

Andrew R. Winter, Esq., and Bradley M. Endicott, Esq., United States Attorney's Office, counsel for Plaintiff.

Robert A. Lengeling, Esq., Beito & Lengeling, PA, counsel for Defendant Morales.

Defendant Jose Martin Morales was indicted on one count of conspiracy to distribute methamphetamine and two counts of distribution of methamphetamine. (Doc. No. 12, Indictment.) Defendant now moves to dismiss the Indictment or for a bill of particulars. (Doc. Nos. 23, 24.) A hearing was held on Defendant's motions on December 20, 2019. (Doc. No. 27.) The parties agreed to further address these motions in post-hearing briefs. Defendant filed his brief on January 23, 2020, and the Government filed its response on February 3, 2020. (Doc. Nos. 33, 35.) Based on the file, records, and submissions herein, and for the reasons detailed below, this Court recommends that Defendant's motions be denied.

## DISCUSSION

I. **Motions to Dismiss the Indictment or for Bill of Particulars – Sufficient Allegations**

Defendant originally moved to dismiss the Indictment on the grounds that there was prosecutorial delay and because the timeframe of the Indictment is overly broad. (Doc. No. 23.) In his post-hearing brief, he clarified the issue before the Court,[1] stating that he "moves to dismiss the Indictment on the basis it does not sufficiently inform him of the allegations against him and it includes an enhancement provision pursuant to 21 U.S.C. § 851." (Doc. No. 33, Def's Br. 1.) Related to this motion, Defendant also moves for a bill of particulars requesting that the Government "explain what other persons are included in the conspiracy charge, what agreement or conspiratorial action was undertaken by Morales that continued to 2019, and how different incidents from 2017 and 2018 are tied to the allegations of September, 2019." (Doc. No. 24.)

Count 1 in the Indictment charges Defendant with conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and alleges that the conspiracy took place from approximately January 2017 through October 8, 2019. (Doc. No. 12.) Counts 2 and 3 charge Defendant with distributing methamphetamine on September 5, 2019, and September 18, 2019, respectively.[2] (*Id.*)

---

[1]   Defendant does not make any argument regarding prosecutorial delay in his post-hearing brief.

[2]   Defendant does not challenge the sufficiency of the allegations in Counts 2 and 3 (the distribution charges). (*See* Doc. No. 33, Def.'s Br. 4 ("Morales argues the Indictment does not inform of the nature of the charges against him other than the Government claims he distributed drugs.").)

The Government opposes Defendant's motions, asserting that the Indictment fully complies with Fed. R. Crim. P. 7(c)(1) in that it contains a "plain, concise, and definite written statement of the essential facts constituting the offense[s] charged." (Doc. No. 25 at 7.) The Government also asserts that Defendant "has been provided with discovery including search warrants, surveillance information, lab results, and a criminal complaint affidavit which summarizes the evidence against him as to the undercover buys from him in August and September of 2019." (*Id.*)

Under Federal Rule of Criminal Procedure 7(c), an indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment adequately states an offense if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (quotations omitted). A conspiracy charge consists of three essential elements: (1) an agreement between two or more people to achieve some illegal purpose; (2) the defendant knew of the agreement; and (3) the defendant knowingly became a part of the conspiracy. *See United States v. Adams*, 401 F.3d 886, 893 (8th Cir. 2005); *United States v. Rodgers*, 18 F.3d 1425, 1429 (8th Cir. 1994).

If a defendant believes that an indictment does not provide enough information to prepare a defense, he may move for a bill of particulars. *See* Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with

sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (quotation omitted). A bill of particulars "is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (quotation omitted).

This Court finds that the Indictment and the Government's disclosures are sufficient to enable Defendant to understand the conspiracy charge against him, prepare a defense, and avoid or minimize the danger of unfair surprise at trial. The Indictment alleges the essential elements of a conspiracy charge, specifies the type of controlled substance at issue, and limits the charged conspiracy to an approximate time frame. That the Indictment does not specify the identities of unindicted conspirators or the exact location and time that the Defendant allegedly entered or exited the charged conspiracy neither renders the Indictment insufficient nor warrants a bill of particulars. *See Huggans*, 650 F.3d at 1218 (rejecting the argument that an indictment was insufficient "because it failed to specify the persons with whom, and the locations and times at which, [the defendant] conspired to possess and distribute cocaine during the seven-year period between 2000 and 2007," and explaining that an indictment provides sufficient facts if it apprises the defendant of the approximate time frame of an alleged drug conspiracy and the types of drugs involved); *Livingstone*, 576 F.3d at 883 (finding that the indictment and disclosures obviated the need for a bill of particulars); *United States v. Pippenger*, 552 F. Supp. 2d 990, 993 (D.S.D. 2008) ("The 'whens wheres and with whoms of acts and participation in the charged conspiracy' is not properly the function of a bill of

4

particulars.") (quoting *United States v. Jimenez*, 824 F. Supp. 351, 365 (S.D.N.Y. 1993)). In addition, "[t]ime is not a material element of a conspiracy charge," *United States v. Ghant*, 339 F.3d 660, 662 (8th Cir. 2003) (quotation omitted), and the existence and date of a defendant's withdrawal from a conspiracy is an affirmative defense to be proven at trial, not a fact that the government must allege in an indictment and later establish, *see United States v. Ortega*, 750 F.3d 1020, 1024 (8th Cir. 2014). Indeed, for conspiracies charged under 21 U.S.C. § 846, which includes the conspiracy charged in Count 1, withdrawal is not even available as a substantive defense because no overt act is required. *See United States v. Grimmett*, 150 F.3d 958, 961 (8th Cir. 1998) (noting the "general rule that a defendant may not raise withdrawal as an affirmative defense to a conspiracy charge where no overt act is necessary"); *see also United States v. Nava-Salazar*, 30 F.3d 788, 799 (7th Cir. 1994) (explaining that "any alleged withdrawal . . . from [a drug] conspiracy was irrelevant in determining . . . guilt or innocence" because "[w]ithdrawal does not absolve a defendant from his membership in the conspiracy"). "Once the agreement is made, the offense is complete." *United States v. Francis*, 916 F.2d 464, 466 (8th Cir. 1990).

Because the Indictment, coupled with the discovery provided by the Government,[3] is sufficient to fairly inform Defendant of the charges against him so as to enable him to prepare for trial, his Motion for Bill of Particulars and Motion to Dismiss Indictment should be denied.

---

[3] The Government's post-hearing brief provides an account of some of the information that has been provided to Defendant. (*See* Doc. No. 35, Gov't Br. 3–5.)

5

## II.   Motion to Dismiss the Indictment - Enhancement Provision § 851

In the Indictment, there is a section titled "INFORMATION TO ESTABLISH PRIOR CONVICTION (Defendant JOSE MARTIN MORALES)," which reads:

> Before committing the offense charged in Count 1 of this Indictment, the defendant, Jose Martin Morales, a/k/a "Gordo," was convicted of Assault in the First Degree in violation of Minn. Stat. § 609.211.1, a serious violent felony, which had become final, and for which he served more than 12 months of imprisonment. As a result of that conviction, defendant Jose Martin Morales, a/k/a "Gordo," is subject to increased punishment under Title 21, United States Code, Section 851.

(Doc. No. 12, Indictment.) Defendant argues in relation to his motion to dismiss the indictment that he "finds the §851 notice incredibly disturbing."[4] (Doc. No. 33, Def.'s Br. 2.) He states that he "challenges the new structure of §851 notices," and "[i]n the event the Court denies his motion [to dismiss], Morales challenges the use of the assault case as a basis for an §851 enhancement." (*Id.* at 2–3.)

Defendant has provided no support for the contention that providing notice of an alleged § 851 enhancement in the Indictment, or that the "structure" of that notice as provided by the Government in this case, offers any basis for dismissal of the Indictment. Title 21, United States Code, Section 851(a) requires the government to provide notice of a sentencing enhancement before trial. "The § 851 notice requirement is meant to provide a defendant with 'notice of the prior conviction, the effect it would have on the maximum sentence, and an opportunity to dispute the conviction.'" *Espinoza v. United States*, 745 F.3d 943, 946 (8th Cir. 2014) (quoting *United States v. Timley*, 443 F.3d 615, 626 (8th

---

[4]   Defendant did not raise this challenge in his originally filed motion. (*See* Doc. No. 23.)

Cir. 2006)). As recognized by the Eighth Circuit, "strict compliance with § 851 is not required, rather the indictment must only provide 'reasonable notice of the Government's intent to rely on a particular conviction and a meaningful opportunity to be heard.'" *Id.* (quoting *United States v. Curiale*, 390 F.3d 1075, 1076 (8th Cir. 2004)). "In applying the statute's requirements, courts are careful not to elevate form over substance." *Curiale,* 390 F.3d at 1077.

Furthermore, to the extent Defendant challenges the use of the referenced assault conviction as a basis for a § 851 enhancement, this Court agrees with the Government that the argument is "a matter for sentencing and can be properly addressed by the District Court at the time of trial and/or sentencing." (Doc. No. 35, Gov't Br. 2.) In any event, Defendant's arguments do not provide a basis for dismissing the Indictment; therefore, this Court recommends denying his motion.

## RECOMMENDATION

Based on the file, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss Indictment (Doc. No. 23) be **DENIED**; and
2. Defendant's Motion for Bill of Particulars (Doc. No. 24) be **DENIED**.

Date: March 4, 2020

                                                 *s/ Becky R. Thorson*
                                                 BECKY R. THORSON
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b), any party may file and serve specific written objections to this Report and Recommendation by **March 18, 2020**. A party may respond to those objections by **April 1, 2020**. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 7 days from the date of its filing. If timely objections are filed, this Report will be considered under advisement from the earlier of: (1) 7 days after the objections are filed; or (2) from the date a timely response is filed.

**Transcript:** Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.