UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-251 (SRN/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) PLEA AGREEMENT AND<br>) SENTENCING STIPULATIONS |
| JOSE MARTIN MORALES,<br>a/k/a "Gordo", | )<br>)<br>) |
| Defendant. | ) |

The United States of America and the defendant, JOSE MARTIN MORALES agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 2 of the Indictment. Count 2 charges the defendant with Distribution of Methamphetamine (50 grams or more of methamphetamine (actual)), a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). The government agrees to dismiss the remaining counts in the Indictment at the time of sentencing.

2. **Factual Basis**. The defendant stipulates and agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt: On September 5, 2019, the defendant sold 440 grams of methamphetamine (actual) to an undercover police officer in exchange for $4000. The defendant knew that the substance he was distributing was, in fact,

SCANNED
SEP 2 2 2020
U.S. DISTRICT COURT ST. PAUL

United States v. Jose Martin Morales

methamphetamine and that the substance was later examined by a qualified chemist who determined the substance was methamphetamine (actual) with a purity exceeding 80%. Defendant agrees that the offense involved in Count 3 of the Indictment, i.e. the distribution of 440 grams of methamphetamine (actual) on September 18, 2019, will be considered relevant conduct for the purposes of sentencing.

    3.    **Statutory Penalties (Count 2)**. The offense charged in Count 2 of the Indictment carries the following statutory penalties if the defendant has a prior predicate conviction for a serious violent felony, for which he served a term of imprisonment of more than 12 months (as alleged in the Information filed pursuant to 18 U.S.C. § 851 (ECF Doc. No. 16)), before he committed the charged offense:

    a.    a mandatory-minimum term of not less than 15 years' imprisonment. (21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 851);

    b.    a maximum of life imprisonment;

    c.    a supervised release term of at least 5 years;

    d.    a fine of up to $10,000,000;

    e.    a mandatory special assessment of $100.

If the defendant does not have a prior predicate conviction for a serious violent felony, for which he served a term of imprisonment of more than 12 months, before he committed the charged offense, (as alleged in the Information filed under 18 U.S.C. § 851 (ECF Doc. No. 16)), Count 2 of the Indictment carries the following statutory penalties:

    a.    a mandatory minimum of 10 years' imprisonment;

    b.    a maximum of life imprisonment;

      c.      a supervised release term of at least 5 years;

      d.      a fine of up to $10,000,000; and

      e.      a mandatory special assessment of $100.

4.    **Guidelines Calculations**. The parties acknowledge the defendant will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following Guidelines calculations:

    a. **Base Offense Level**. The parties agree that for Count 2 the base offense level is **34**. *See* U.S.S.G. § 2D1.1(c)(2) (at least 150 but less than 500 grams of methamphetamine (actual)).

    b. **Specific Offense Characteristics**. The parties agree that no specific offense characteristics apply.

    c. **Chapter Three Adjustments**. The parties agree that, other than as provided for in this Paragraph and in Paragraph 6.d. below for acceptance of responsibility, no other Chapter Three adjustments apply.

    d. **Acceptance of Responsibility**. The parties agree that if and only if the defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the United States will recommend that the defendant receive a <u>two-level reduction</u> for acceptance of responsibility under USSG § 3E1.1(a), and will move for an <u>additional one-level reduction</u> under § 3E1.1(b). The defendant understands that

any reduction for acceptance of responsibility shall be determined by the Court in its discretion.

e. **Criminal History Category**. Based on the information currently available, the parties believe the defendant has a criminal history category of IV. This is <u>not</u> a stipulation but rather a belief based on an evaluation of criminal history information currently available. The defendant's actual criminal history, however, will be determined by the Court based on the information presented in the presentence investigation report and by the parties at the time of sentencing. If the defendant's criminal history category is determined by the Court to be greater than I, the defendant will not be permitted to withdraw from the plea agreement on that basis.

f. **Guideline Range**. Based on a total offense level of **31**, and a criminal history category of IV, the Sentencing Guidelines range for Count 2 is **151-188** months of imprisonment.

If the Court finds that the defendant does have a prior predicate conviction for a serious violent felony, for which he served a term of imprisonment of more than 12 months, before he committed the charged offense (as alleged in the Information filed under 18 U.S.C. § 851 (ECF Doc. No. 16)), the mandatory minimum sentence is **180 months**. The defendant reserves the right to argue that the offense alleged in the Information is not a prior predicate conviction for a serious violent felony.

g. **Fine Range**. If the adjusted offense level is 31, the applicable fine range is as low as $30,000 to $10,000,000.

h. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100.00. USSG § 5E1.3. The defendant understands and agrees that this special assessment is due and payable at sentencing.

i. **Supervised Release**. The Sentencing Guidelines require a term of supervised release of at least 5 years.

5. **Discretion of the Court**. The foregoing stipulations bind the parties but do not bind the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines' factors and the applicable

criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guidelines' calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations

6. **Sentencing Recommendation and Departures**. The parties reserve the right to make departure motions and to oppose any such motions made by the opposing party. The defendant reserves the right to argue for a sentence outside the applicable Guidelines' range.

7. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Forfeitures**. The defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d), any property constituting or derived from, and any proceeds obtained directly or indirectly from, the commission of Count 2 of the Indictment.

9. **Waiver of Freedom of Information Act and Privacy Act**. In exchange for the concessions of the United States made herein, the defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

United States v. Jose Martin Morales

10. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: 9/17/2020

ERICA H. MacDONALD
United States Attorney

BY: ANDREW WINTER
Assistant United States Attorney
Attorney ID No. 232531

Dated: 9-17-20

JOSE MARTIN MORALES
Defendant

Dated: 9-17-2020

ROBERT LENGELING, ESQ.
Attorney for Defendant