UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-cr-281 (SRN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MARTIN MORALES,<br><br>Defendant. | **GOVERNMENT'S POSITION ON SENTENCING** |

**INTRODUCTION**

COMES NOW the United States of America, by and through its undersigned attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Andrew R. Winter and Bradley Endicott, Assistant United States Attorneys, and submits the following position on sentencing.

**Summary of the Government's Argument**

The defendant Jose Martin Morales faces sentencing for trafficking large quantities of pure methamphetamine. A member of the Surenos criminal street gang, the defendant has prior felony convictions relating to methamphetamine possession and a vicious gang-related assault. For the reasons discussed below – including the sentencing factors found in 18 U.S.C. Section 3553(a) – the Government respectfully requests a sentence of 180 months, followed by a ten-year term of supervised release.

## Procedural Background

The defendant pleaded guilty to Count 2 of the Indictment alleging Distribution of 50 grams or more of methamphetamine (actual) in violation of Title 21 U.S.C. § § 841 (a)(1) and 841(b)(1)(A). Additional charges in the Indictment will be dismissed upon sentencing of Count 2. The government filed an Information in the Indictment to place the defendant and the Court on notice it intends to seek an enhanced mandatory minimum sentence of 15 years pursuant to Title 21 U.S.C. § 851. The defendant has reserved the right to challenge that enhancement.

## The Presentence Report

The Presentence Report ("PSR") has calculated a total offense level of 31 (PSR, ¶29) and a Criminal History Category of III (PSR, ¶ 40) which results in an advisory guidelines range of 180 months. PSR, ¶82. The United States agrees with and incorporates by reference the facts from the "Offense Conduct" section of the Presentence Report ("PSR"), ¶¶ 7-12. The facts not in controversy show that by August of 2019, Morales had been identified by a cooperating defendant as an individual engaged in trafficking pound-quantities of methamphetamine in the Twin Cities. On two different dates in September of 2019, Morales sold 440-gram quantities of highly pure methamphetamine to an undercover officer. When the search warrant was executed on his Minneapolis home, agents found drug packaging material, methamphetamine

residue, and cell phones containing drug-trafficking text messages. In the plea colloquy with this Court and his interview with probation, Morales has accepted his responsibility for this criminal conduct. The government intends to move for the application of the 3-level decrease in his offense level pursuant to § 3E1.1(b).

**Assault in the First Degree – a "Serious Violent Felony"**

A "serious violent felony" is defined in 21 U.S.C. § 802(58) as "(A) an offense described in § 3559(c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months," and "(B) any offense that would be a felony violation of 18 U.S.C. § 113 (assault) if the offense were committed in the special maritime and territorial jurisdiction of the United States, for which the offender served a term of imprisonment of more than 12 months."

Title 18 § 3559(c)(2) defines "serious violent felony" as a federal or state offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another…". In 2006, Morales was convicted of Assault in the first degree in violation of Minn. Stat. 609.221, Subd. 1 – the relevant text of which is as follows:

609.221 ASSAULT IN THE FIRST DEGREE

Subdivision 1. **Great Bodily Harm**. Whoever assaults another and inflicts great bodily harm may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $30,000, or both.

Minnesota law defines assault as: "(1) an act done with the intent to cause fear in another of immediate bodily harm or death; or (2) the intentional infliction of or attempt to inflict bodily harm upon another." *United States v. Lindsey*, 827 F.3d 733, 739 (8th Cir. 2016); Minn. Stat. § 609.02, subd. 10. Because Morales's conviction under Minn. Stat. 609.221 subd. 1 necessarily required the use, attempted use, or threatened use of physical force against another and it carries a statutory maximum sentence in excess of 10 years, it qualifies as a "serious violent felony" under 18 § 3559(c)(2)(ii). [1] Analysis of the statute has led to the same conclusion. *See United States v. Herrera-Serrano*, 703 Fed.Appx. 342 (8th Cir. 2017) (defendant's conviction under Minn. Stat. 609.221 subd. 1 necessarily required the use, attempted use, or threatened use of physical force against another).

---

[1] By separate motion, the government has requested an evidentiary hearing pursuant to the procedures set forth in § 851(c). Doc. 66. The government will seek to admit documents and testimony to establish the date of Morales' assault conviction as well as the dates and duration of his imprisonment for that offense.

## **Discussion of the 3553(a) Factors**

The Court must determine what constitutes a reasonable sentence as guided by the factors of Title 18, United States Code, Section 3553(a). As a first step, the Court must determine the applicable Sentencing Guidelines. Although the Guidelines are advisory, the Court must "remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007). In addition to considering the Guidelines, Section 3553(a) requires the Court to analyze a number of factors, including the nature and circumstances of the offense, the history and circumstances of the defendant, the need for the sentence to reflect the seriousness of the offense, the need for deterrence, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). An examination of these factors leads to the conclusion that the requested sentence of 180 months is sufficient, but not greater than necessary to effectuate the goals of federal sentencing.

### Nature and Circumstances of the Offense

As set forth above, the offense for which Defendant stands convicted is extremely serious and carries with it a great risk for violence and other significant harms to society. While the conduct is not in and of itself unusual for the Federal courts, this defendant's violent history merits the sentence

requested.

## The Criminal History of the Defendant

The PSR describes Defendant's contact with the criminal justice system beginning as a juvenile, when he was arrested for a horrific gang-related assault. PSR, ¶ 35. Morales participated in a prolonged crime of violence against a male victim who was falsely believed to have assaulted a Surenos member's sister. Morales and his accomplices punched and kicked the victim, urinated on him while he was unconscious, stabbed him on the arms, legs, face, torso and head, partially shaved his head, carved a "13"[2] into his back, and anally penetrated him with a broomstick. The victim was hospitalized for five (5) days and the stab wounds inflicted were deep enough to penetrate his intestines. *Id.* Charged with Attempted Murder, the defendant pled guilty to Assault in the First Degree (an assault causing great bodily harm). [3]

After release from prison on this assault case, Morales' criminal behavior continued with forays into illegal drugs. On November 20, 2015, at the age of 26, Morales was caught in a vehicle in possession of both methamphetamine and cocaine. PSR, ¶ 37. He was initially granted a probationary sentence but

---

[2] The number is a reference to the gang's complete name: "Surenos 13."
[3] This conviction is the predicate offense cited in the § 851 Information found at Docket 17. The government intends to offer evidence of the prior conviction consistent with the procedures set forth in § 851(c), subject to Morales' waiver of a jury trial on the conviction-related facts.

would fail to maintain contact with his supervising agent and would fail to remain law-abiding resulting in additional jail time served in 2017. By 2019, he was fully involved in the pound-level methamphetamine trafficking that was the substance of the current Indictment.

## Morales' History and Characteristics

Raised in a stable household absent any abuse, Morales associates his early troubles with ADHD. PSR, ¶ 49. Certified as an adult at age 17, Morales was imprisoned from 2006 to 2014 for the above-described First-Degree Assault conviction. PSR, ¶ 50.

Morales reports no history physical health problems (PSR, ¶ 55) but acknowledges the possibility of substance abuse contributing to his criminal behavior. PSR, ¶ 59. Morales obtained his GED while in Stillwater Prison and has since obtained certifications and licensing to perform tattoo work. PSR, ¶¶ 62-65.

Morales' employment history is spotty. Though he worked as a tattoo artist, employment has been inconsistent. PSR, ¶¶ 67-77. Ultimately, Morales' personal characteristics present little in the way of mitigation, but to the extent he needs services, a custodial setting would provide a safe, consistent environment to obtain them.

Other Factors

The requested sentence of 180 months is just punishment for the defendant. Such a sentence is needed to remove the defendant from the community to keep it safe and to promote respect for the law. Additionally, there is a need for both individualized and general deterrence. Individualized deterrence is that which discourages a defendant from ever committing such a crime again. Unfortunately, as set forth above, previous criminal convictions and the resulting terms of supervision by courts and their agents have done little or nothing to deter the defendant from committing new, serious crimes and the need for graduated sanctions is apparent.

A significant sentence is also important as a general deterrent. General deterrence is the public response necessary to deter others from committing similar crimes. "Congress specifically made general deterrence an appropriate consideration . . . and we have described it as 'one of the key purposes of sentencing.'" *Ferguson v. United States*, 623 F.3d 627, 632 (8th Cir. 2010) (quoting *United States v. Medearis*, 451 F.3d 918, 920 (8th Cir. 2006)). A long sentence in this case sends a message to other offenders that they risk significant federal penalties if they traffic methamphetamine after repeated attempts by the criminal justice system to intervene and encourage law-abiding behavior.

## CONCLUSION

Based on the facts and circumstances of this case, the Government believes 180 months is an appropriate sentence. This sentence will best serve the goals of federal sentencing including – most importantly – protecting the public from further criminal conduct by the defendant.

Dated: May 11, 2021

Respectfully submitted,

W. ANDERS FOLK
Acting United States Attorney

*s/ Andrew R. Winter*

BY: ANREW R. WINTER
Assistant United States Attorney

*s/ Bradley M. Endicott*

BY: BRADLEY M. ENDICOTT
Assistant United States Attorney